# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. HAIGHT, | : | |
|     Petitioner | : | No. 1:13-cv-2438 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MARORISA LAMAS, | : | (Magistrate Judge Schwab) |
|     Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner James R. Haight's motion to appoint counsel in conjunction with his 28 U.S.C. § 2254 petition (Doc. No. 5), the Report and Recommendation of Magistrate Judge Schwab denying Petitioner's motion (Doc. No. 6), and Petitioner's objections thereto (Doc. Nos. 7, 9).  For the reasons that follow, the Court will not adopt the Report and Recommendation on the grounds that it is moot, but the Court will nevertheless deny the motion to appoint counsel.

## I.     BACKGROUND

On September 23, 2013, Petitioner James R. Haight, an inmate at SCI-Rockview, Pennsylvania, filed a petition for a writ of habeus corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner was granted in forma pauperis status. (Doc. No. 3.)  The Court then provided Petitioner with the notice of election required under United States v. Miller, 197 F.3d 644 (3d Cir. 1999).  (Id.)  On October 8, 2013, upon completing his election form, Petitioner elected to withdraw his Section 2254 petition in order to file one all-inclusive petition.  (Doc. No. 4.)  At the same time, Petitioner also requested the appointment of counsel to assist him with his petition. (Doc. No. 5.)  On October 11, 2013, Magistrate Judge Susan Schwab issued a Report and Recommendation, recommending that Petitioner's request for counsel should be denied on the grounds that he had withdrawn his Section 2254 petition and had not "shown that he has any

nonfrivolous claims." (Doc. No. 6.)

On October 25, 2013, within the time for filing objections to the Report and Recommendation, Petitioner filed a "motion to show there is merit," which consists of transcripts, orders, and other documents providing background to his case. (Doc. Nos. 7, 9.) The Court construes this motion as an objection to Magistrate Judge Schwab's recommendation that the Court deny Petitioner's request for counsel. Petitioner also included with this filing a new petition for a writ of habeus corpus, dated October 14, 2013. (Doc. No. 8.) As this new petition is dated after the notice of election was returned and the initial petition withdrawn, the Court construes this new petition as Petitioner's all-inclusive Section 2254 petition. (Id.)

## II. LEGAL STANDARD

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991). District courts may appoint counsel for financially eligible defendants who pursue habeas relief pursuant to 28 U.S.C. § 2254. See 18 U.S.C. § 3006A(a)(2)(B). However, appointment is not mandatory, and it must appear to the court that the interests of justice require that counsel be appointed. See id. In determining whether to appoint counsel, the Court may consider whether the claims raised are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the court. See Reese, 946 F.2d at 263–64.

## III. DISCUSSION

The Court finds that the interests of justice do no require the appointment of counsel for Petitioner. He submitted a lengthy brief in support of his Section 2254 petition, which included thorough case citations. (Doc. No. 1.) Petitioner has filed timely responses to court orders and

2

deadlines and thus has generally shown himself capable of proceeding pro se.  See, e.g., Austin v. Ricci, No. 07-4428, 2008 WL 4308259, at *2 (D.N.J. Sept. 17, 2008) ("Petitioner has shown that he can proceed pro se by filing the petition and this motion with attachments, and letters to the Court.").  Considering his ability to prepare briefs and submit attachments including earlier state court decisions on this matter, the Court finds that appointment of counsel would have little benefit to Petitioner or to the court at this time.

Because the Report and Recommendation recommended denying Petitioner's motion to appoint counsel because of Petitioner's withdrawal of his initial Section 2254 petition, the Court will not adopt the Report and Recommendation as moot.  To the extent that Petitioner objects to the denial of counsel on the basis that, contrary to the language in the Report and Recommendation, he believes he has a non-frivolous claim, the Court does not reach that issue.  Here, the Court will deny Plaintiff's motion to appoint counsel because Petitioner appears capable of following through with his Petition and, thus, at this time, the interests of justice do not require court-appointed counsel.  The Court can consider the need for appointment of counsel as the case progresses.  An order consistent with this memorandum follows.