IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. HAIGHT, | : | |
|     Petitioner | : | No. 1:13-cv-02438 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Schwab) |
| | : | |
| MARIROSA LAMAS, | : | |
|     Respondent | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the April 4, 2016 Report and Recommendation of Magistrate Judge Schwab, in which she recommends denying Petitioner's counseled application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 34.)  Judge Schwab found that Petitioner has not shown that his trial counsel was ineffective for failing to call two allegedly exculpatory witnesses during his 2003 trial.  (Id. at 40-44.)  Petitioner's only claim in his habeas petition is for ineffective assistance of counsel.  (See Doc. No. 32 at 3.)

In the Report and Recommendation, Magistrate Judge Schwab undertakes an exhaustive review of Petitioner's trial and post-trial proceedings, including summaries of witness testimony and a synopsis of Petitioner's extensive post-conviction relief proceedings.  (Doc. No. 34 at 1-34.)  Ultimately, Magistrate Judge Schwab found – as did the courts of the Commonwealth that considered the claim – that Petitioner's trial counsel's failure to call two particular witnesses did not constitute ineffective assistance of counsel given the strategy at trial and the weight and nature of the other evidence against Petitioner.  (See id. at 40-44.)  Magistrate Judge Schwab made her recommendation in light of the particularly deferential review afforded state court dispositions of claims raised in Section 2254 petitions.  (Id. at 34-37.)

Petitioner's appointed counsel filed objections on April 21, 2016. (Doc. Nos. 38, 39.) In the objections, counsel argues that Magistrate Judge Schwab was incorrect for concluding the trial counsel's failures do not warrant habeas relief. (Doc. No. 39 at 12-16.) The Court finds that Magistrate Judge Schwab correctly and comprehensively addressed the substance of the counseled objections in the Report and Recommendation itself and will not write separately to address them.

In addition, Petitioner filed pro se objections to the Report and Recommendation on April 11, 2016 (Doc. No. 36.) In general, the Court does not accept pro se filings from represented parties. Normal procedure notwithstanding, upon review of Petitioner's objections, the Court finds that they lack merit. As far as can be discerned, Petitioner argues that his conviction and continued incarceration are the result of a conspiracy by courts, attorneys, and others. (Id. at 1-3.) However, these arguments were not properly before Magistrate Judge Schwab and are unsupported by the record.

**AND SO**, on this 9th day of June 2016, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation (Doc. No. 34) of Magistrate Judge Schwab;

2. The amended petition (Doc. No. 8) is **DENIED**; and

3. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
